

**Entered on Docket
September 15, 2009**

_____
**Hon. Michael S. McManus
United States Bankruptcy Judge**

_____

```
           UNITED STATES BANKRUPTCY COURT

                 DISTRICT OF NEVADA


                                )
In re                           )    Case No. 09-51635
                                )
DENNIS and SUZANNE              )    Chapter 13
FITZPATRICK,                    )
                                )    Date: September 4, 2009
          Debtor.               )    Time: 1:30 p.m.
                                )
_____ )
```

**MEMORANDUM**

Movant Deutsche Bank National Trust Company, etc., seeks relief from the automatic stay with respect to real property located in Reno, Nevada.

Neither the debtor nor the trustee have filed written opposition within 15 days after service of the motion as required by Local Bankruptcy Rule 9014(d)(1). This is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo),

468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest are entered and the matter will be resolved without oral argument.

The motion will be granted pursuant to 11 U.S.C. § 362(d)(1) to permit the movant to conduct a nonjudicial foreclosure sale and to obtain possession of the subject property following sale.

The movant holds a claim secured by a deed of trust that encumbers the debtor's real property. The plan, which identifies the holder of this claim as Wells Fargo Mortgage, requires that the post-petition note installments be paid directly to the movant by the debtor. In breach of the plan, the debtor failed to pay approximately three monthly installments to the movant. This is cause to terminate the automatic stay. See <u>Ellis v. Parr (In re Ellis)</u>, 60 B.R. 432, 434-435 (B.A.P. 9th Cir. 1985).

Because the movant has not established that the value of its collateral exceeds the amount of its secured claim, the court awards no fees and costs. 11 U.S.C. § 506(b).

The 10-day stay of Fed. R. Bankr. P. 4001(a)(3) will not be waived.

Counsel for the movant shall lodge a conforming order.

2